The 'opinion of the Court was delivered by
ÍORtNSON, J.
But for the arguments in opposition to the motion, it might be sufficient to decide the single question made on the ground of the motion. These, however, admitting the principle contended for, go to deny the plaintiff’s right to recover in toto, and involve the questions:
1. Whether the commissioners of the poor can bind an infant apprentice while his father is living ? and,
2. "Whether an assignment of the indenture of an apprentice can be made without the written assent of-the parent, if he be living, or of the guardian or commissioners, if he have none ? -which I shall proceed, in the first place to consider:
1. By the Act of Assembly of 1712,[1] P. L., 106, 1 Brev. Dig., 25, tit. Apprentice, sec. 1st, the commissioners of the poor are authorized to kind an7 child *or children out, apprentice; if a male, until he shall attain twenty-one years, and if a female until she shall attain eighteen years, in case they shall be chargable to the district.
The commissioners have no other powers over minors than are given by this Act; and this is confined to the single case where they shall become chargeable to the district. There was no evidence that the apprentice had become chargeable to the district; but, on the contrary, it was believed that it was thought to be the only legitimate means of binding him at the time it was done ; at any fate, he had not become chargeable to the district, and that state of things did not exist, which authorized the commissioners to act.
From the common law rules of construction, the conclusion would, it appears to me, necessarily follow that the ’ indenture of apprenticeship was void; but the Act of 1740,[2] (P. L., 176, sec. 2, 1 Brev. Dig., 26,) puts the question beyond doubt. This act provides, that every person intending to be bound apprentice, and who is under the age of twenty-one years, “ shall execute such indenture in the presence of his or her father, mother, or guardian; and if such indented apprentice hath neither father, mother, nor guardian, then it shall be executed in the presence of the church-wardens, &c., which presence and approbation of the father, mother, &c., shall be certified under the hand and seal of some one of the justices of the district,” &c. This Act not only furnishes a conclusive legislative construction of the Act of 1712, but also an anwer to the argument drawn from the fact that, in this instance, it was done with the knowledge of the father, as the Act itself expressly declares that the indenture is void unless it is in conformity with the provisions of the Act.
M’Kibbin, for the motion. Thomson, contra.
It follows, then, that the assignment was also void, although the Act does allow it, under particular restrictions ; because it was not accompanied with any of the formalities required by the Act as necessary to the validity of an indenture', and could not therefore assume* the character of a new and independent contract.[1]
It remains only to be considered whether there was an entire or partial failure of consideration. If the former, then the jury erred in not allowing the plaintiff the full amount paid by him. That there had been a failure of consideration, is, I think, clearly established; for the defendant did undertake to sell and dispose of, to the plaintiff, four years of the unexpired term of his apprentice; but he lost the possession of the boy, and he possessed no legitimate means of regaining this possession, and this, too, in consequence of the illegality of the indenture and the assignment. lie, in fact, sold nothing to the defendant, because he himself had no right. But while the apprentice served under this indenture and assignment, irregular and illegal as it was, he incurred the duty, and was entitled to the rights of an apprentice. Beeves’ Domestic Relations, 844, 345; King v. Stockland, Douglas, 70, 71. The plaintiff had, therefore, a legitimate possession of him for the six or eight months which he remained in his possession, and is secured against any claim against him for those services, at the suit of the apprentice. There is not, therefore, an entire failure of consideration.
It has, however, been urged, that there is no sort of proportion between the value of the services rendered, and the sum allowed by the jury. This was, however, a question for their consideration, and although I might be disposed to concur in this opinion, yet under the particular circumstances of the case, I do not feel disposed to disturb their verdict. The plaintiff was in the possession of the apprentice, with the knowledge and acquiescence of his father and of the commissioners; and there was the strongest probability that he never would have been disturbed in the possession, which would have legitimated the apprenticeship, but for the transfer made by himself — leading to apprehensions dishonorable to humanity — and that to a stranger, who, to his knowledge, was about *to carry him out of the State, in direct violation of a positive law.
I am therefore of opinion that the motion ought not to be granted.
Colcock, Nott, Cheves and Gantt, concurred.

 2 Stat. 596, § 8.

 3 Stat. 544, § 2.

 See Acts of 1830 and 1831, 6 Stat. 410, 432.